UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-                                                            1:04-CR-0258
                                                                                              (LEK)

JUAN ESPINAL-MARTINEZ,

                Defendant.

## MEMORANDUM-DECISION AND ORDER

On September 15, 2005, the Second Circuit remanded this case pursuant to United States v. Crosby, 397 F.3d 103 (2d Cir. 2005) to provide the district court with an opportunity to determine whether it would have sentenced the defendant Juan Espinal-Martinez ("Defendant") differently in light of United States v. Booker, 125 S.Ct. 738 (2005). The Second Circuit's decision in this case does not direct the Court to vacate the prior sentence and resentence Defendant. Instead, if after consideration of all the factors listed in 18 U.S.C. § 3553(a) and treating the United States Sentencing Guidelines as advisory, the Court finds that it would have imposed a materially different sentence, resentencing of Defendant is required. Crosby, 397 F.3d at 120.

Defendant was charged in a one count indictment with violations of 8 U.S.C. § 1326(a) & (b)(2), for knowingly reentering the United States after having been previously deported following a conviction of an aggravated felony. Indictment (Dkt. No. 1). Defendant entered a guilty plea on July 15, 2004. Plea Minutes (Dkt. No. 8). The Court found that Defendant's total offense level was twenty-one and his criminal history category was VI, providing a sentencing

1

guideline range of seventy-seven to ninety-six months.  Id.  This Court sentenced Defendant on November 10, 2004 to eighty-eight months incarceration and a three-year term of supervised release.  Sentencing Minutes (Dkt. No. 12).

On September 28, 2005, the Court directed Defendant and the Government to submit sentencing memoranda pursuant to Crosby.  Notice (Dkt. No. 22).  Defendant contends that the criminal history category under the Sentencing Guidelines over represents his criminal history and a sentence of eighty-eight months is harsh in light of all the factors listed in 18 U.S.C. § 3553(a).  Request for Resentence (Dkt. No. 24).  The Government opposes the request for resentencing.  Gov't Memo. (Dkt. No. 25).

The Court has reviewed those submissions, along with the original judgment and the original presentence report.  In addition, the Court has reviewed Booker and Crosby and has considered all the sentencing factors listed in 18 U.S.C. § 3553(a), while keeping in mind that the United States Sentencing Guidelines are now advisory.

Whether the Guidelines are advisory or not, the Court sees no basis to modify the original sentence.  The Court has reviewed all the factors under 18 U.S.C. § 3553(a) and would not change Defendant's original sentence in any respect.  In light of all the facts, the Court finds that the eighty-eight month sentence is a reasonable one and declines to resentence in light of Booker and Crosby.

Therefore, Defendant's motion for a resentencing is denied.  Pursuant to United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the Court declines to modify or change the original sentence and states that the sentence imposed in this case on November 10, 2004 would be

imposed now under the principles enunciated in Booker.

Accordingly, it is hereby

ORDERED that Defendant's application for resentencing in light of United States v. Booker, 125 S.Ct. 738 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), is **DENIED**; and it is further

ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.

DATED:   November 03, 2005
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge