UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JUAN ESPINAL-MARTINEZ,

                              Petitioner,

     -against-                                        1:06-CV-00583
                                                       (LEK/RFT)

UNITED STATES OF AMERICA,

                              Respondent.

_____

**MEMORANDUM-DECISION AND ORDER**[1]

_____*Pro se* Petitioner Juan Espinal-Martinez ("Petitioner") filed this Petition to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, on May 11, 2006.  Petitioner alleges that (1) he was denied effective assistance of counsel, in violation of his rights under the Sixth Amendment to the Constitution of the United States, and (2) Petitioner objects to the sentencing scheme under 8 U.S.C. § 1326(b).  For the following reasons, the Petition is denied.

## I. Background

        Petitioner is a citizen of the Dominican Republic and first entered the United States as an illegal alien.  He was deported by the Immigration and Naturalization Services ("INS") approximately eighteen (18) months prior to his arrest for the possession of heroin.  Petitioner entered a guilty plea to a one count indictment of illegal re-entry into the United States of an alien following deportation, a violation under 8 U.S.C. § 1326(a) and (b), on July 15, 2004.  Petitioner was sentenced on September 10, 2004 to eighty-eight (88) months imprisonment.  Petitioner appealed his conviction and sentence, and the U.S. Court of Appeals for the Second Circuit

_____
[1] For printed publication by the Federal Reporters.

withheld an opinion in order to let this Court  determine whether to re-sentence Petitioner, pursuant

to the United States Supreme Court's opinion in <u>United States v. Booker</u> 543 U.S. 220 (2005).  This

Court declined to re-sentence Petitioner on November 3, 2005.  Neither party appealed the

November 3, 2005 order. <u>See</u> Petitioner's Motion (Dkt. No. 1) at 1, 2.

## II.  Discussion

### A.  Error Cognizable Under a Writ of Habeus Corpus

There is a high standard of error that must be established by a petitioner to succeed under a

writ of habeas corpus.  To rise to the level cognizable under a writ of habeas corpus, a trial court's

error must be either jurisdictional or constitutional, or amount to "a fundamental defect which

inherently results in a complete miscarriage of justice [or] an omission inconsistent with the

rudimentary demands of fair procedure." <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962).  This is

the standard by which this Court evaluates Petitioner's claims.

### B.  Ineffective Assistance of Counsel

Petitioner alleges that he was denied effective assistance of counsel because his counsel

failed to: (1) argue the <u>United States v. Booker</u> decision as a basis for appeal, (2) ask the court to

exercise its sentencing discretion to correct the sentencing disparity created by the district courts

that are "fast track" and this district, (3) argue the hardship faced by Petitioner's family, (4) advise

Petitioner to file a direct appeal from the denial of re-sentencing.  <u>See</u> Petitioner's Motion (Dkt. No.

1) at 4-6

For Petitioner to prevail on a claim of ineffective assistance of counsel, he must satisfy the

two-part test established by the United States Supreme Court in <u>Strickland v. Washington</u>, 466 U.S.

2

668 (1984).  First, Petitioner must establish that his attorney's performance "fell below an objective

standard of reasonableness," and second, that Petitioner was prejudiced because there is a

"reasonable probability" that the outcome of the case would have been different but for the error.

Id. at 688-694.   For the first prong, counsel should be given a "strong presumption" of adequate

assistance. Id. at 690.


**1. Petitioner Was Not Denied Effective Assistance of Counsel When Counsel Did Not Make**

**United States v. Booker Argument.**

The Supreme Court's ruling in United States v. Booker, held that the United States

Sentencing Guidelines were no longer mandatory, and instead were to be considered advisory.

Booker, 543 U.S. at 245-46.  The Supreme Court also re-affirmed the holding from Apprendi v.

New Jersey, 530 U.S. 466 (2000) saying, "Any fact (other than a prior conviction) which is

necessary to support a sentence exceeding the maximum authorized by the facts established by a

plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a

reasonable doubt."  Id. at 244.  The Supreme Court found that the ruling would apply retroactively

to direct review; however, did not reach the issue of collateral review.  Booker, 543 U.S. at 268.

This issue has been addressed by the Second Circuit which found that Booker does not apply

retroactively on collateral review to cases in which the verdict was final before the date Booker

came down, January 12, 2005.  Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005).

Petitioner is *pro se* and as such the Court is required to read his submissions liberally. See

Triestman v. Fed. Bureau of Prisons, 470 F.3d 47 (2d Cir. 2006).  The Court can only discern that

Petitioner is alleging that his sentence is unconstitutional under Booker because his prior

3

convictions were used to enhance his sentence even though they are facts that were not put to the trier of fact.  See Petitioner's Motion (Dkt. No. 1) at 4-6.  Petitioner appears to assert that it was outside the jurisdiction of the Court to look at his prior deportation following an aggravate felony. Id.  Petitioner's argument is without merit.  Booker clearly states that when courts consider prior criminal convictions during sentencing, these convictions need not be presented to the trier of fact. Booker, 543 U.S. at 244.  By making an argument based on Booker, Petitioner would be asking the Court to find that enhancements based on prior convictions are unconstitutional when Booker clearly says the opposite.  Even if Petitioner's counsel raised a challenge under Booker, the Court would have not have ruled differently.  Further, it is not ineffective assistance of counsel when counsel chooses not to make a meritless argument.  United States v. Arena, 180 F.3d 380, 396-97 (2d Cir. 1999).  Since Petitioner would not have received a different outcome had his counsel made a Booker argument, Petitioner cannot show he was prejudiced by his counsel's failure to do so.


**2. Petitioner Was Not Denied Effective Assistance of Counsel for Counsel's Failure to Make an Argument that the Sentencing Disparity Created Because of  Fast-Track Districts is a Violation of Equal Protection.**

The Second Circuit recently held that a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable.  See United States v. Mejia, 461 F.3d 158, 164 (2d Cir. 2006); United States v. Pereira, 465 F.3d 515, 522-23 (2d Cir. 2006).  The Circuit held this notwithstanding the fact that the defendant might have been treated more favorably in a fast-track jurisdiction.  Mejia, 461 F.3d at 164.  This means that courts in non fast-track jurisdictions need not account for the difference that would occur if a

defendant were processed in a fast-track jurisdiction.  Since courts do not have to account for the difference between fast-track and non fast-track jursidictions, Petitioner cannot say with any reasonable probability that had his counsel made an argument alleging that the difference should be factored into sentencing, that the outcome of his sentencing would have been different.  Therefore, the fact that Petitioner's counsel did not raise a challenge regarding the sentencing disparity would not have altered the Court's decision; accordingly, Petitioner did not suffer any prejudice.

### 3. Petitioner was not Denied Effective Assistance of Counsel for Counsel Failing to Make an Argument his Familiy's Hardship due to his imprisonment.

Petitioner argues that his counsel was ineffective because counsel did not argue to the Court for a downward departure from the guideline sentence based on the hardship his family would suffer due to his incarceration.  First, Petitioner's counsel did make this argument in his sentencing memorandum filed with this Court before both the original sentencing and re-sentencing.  Second, the Court considered Petitioner's family's hardship when sentencing Petitioner.  Petitioner was not prejudiced, as he cannot reasonably say his sentence would have been different because of his counsel's refusal to make this claim.

### 4. Petitioner Was Denied Effective Assistance of Counsel for Counsel Failing to Inform Petitioner of the Outcome of his Re-Sentencing, Thus Preventing Petitioner from being able to Appeal.

Petitioner's counsel admits that he received the order denying re-sentencing on November 3, 2005 and that he did not inform Petitioner of this until January 18, 2006.  See Affidavit of Kent Sprotbery (Dkt. No. 12). at ¶¶ 5,6.  Petitioner contends that after hearing of the denial he wanted to

5

appeal, but that he could not because he was time-barred due to the tardiness of counsel in informing him.  Petitioner's Motion (Dkt. No. 1) at 32-34.  A criminal defendant has ten (10) days to file an appeal of a final decision and can receive up to a thirty (30) day extension if requested.  FED. R. APP. P. 4(b).  The delay from the November 3, 2005 Memorandum-Decision and Order and the notification of Petitioner on January 18, 2006 put petitioner squarely outside the time frame to appeal.

The Supreme Court  has held that counsel must consult with a defendant about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000).  This means that counsel acted reasonably in not consulting with Petitioner unless Petitioner can show that either of the above scenarios is met.  The Supreme Court explained, "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484.  The Supreme Court does not require that *pro se* petitioners show that the appeal they would have filed had merit, but only just that it would have been filed.  Id. at 486-7.

Petitioner alleges that, but for the delay in notification by counsel regarding the outcome of his re-sentencing, he would have filed an appeal.  Petitioner had reasonably demonstrated his interest in appealing to his counsel.  Petitioner had already appealed his sentence once (with the aid of counsel); it was reasonable to assume, based on his previous appeal, that once the Court refused

6

to re-sentence Petitioner, he would want to appeal.  It is clearly reasonable that a defendant who appealed his sentence once, and had his appeal prematurely ended in order to allow for the possibility of re-sentencing, would want to appeal the denial of re-sentencing.  See Flores-Ortega 528 U.S. at 480.

To show he was prejudiced by counsel's actions, all Petitioner must show is that he would have timely appealed if not or the actions of counsel.  In his Petition, Petitioner stated that once he received notification about the denial of his re-sentencing, he looked into appealing and discovered that he was time barred.  See Petitioner's Motion (Dkt. No. 1) at 32-33.  The Court is satisfied that Petitioner's account shows that he would have timely appealed had he gotten the opportunity.  With this showing, the Court concludes that Petitioner was barred from appealing the denial of re-sentencing due to the ineffective assistance of counsel, since both the prongs of the Strickland test, as they are modified by Flores-Ortega, have been met.

The Second Circuit has ruled that when a defendant is prevented from appealing due to the ineffective assistance of counsel that the proper remedy is that the defendant be allowed to file a direct appeal.  Campusano v. United States, 442 F.3d 770, 777 (2d Cir. 2006).  Here, the Court has found that but for the actions of counsel, Petitioner would have appealed his denial of re-sentencing, and in the interest of justice he should be allowed to file a direct appeal.

## C.  Objection to Sentencing Scheme Under 8 U.S.C. § 1326(b)

Petitioner claims that under the current structure of the United States Sentencing Guidelines ("Guidlines") that if prior convictions are the basis for certain sentencing enhancements under the Guidelines, then the convictions are actually elements of the crime specifically charged and must be

7

included in the indictment.  This argument disregards the United States Supreme Courts holding in

Almendarez-Torres v. United States, 523 U.S. 224 (1998), which was reaffirmed by Booker.  In

Almendarez-Torres, the Supreme Court stated that 8 U.S.C. § 1326(b) "is a penalty provision,

which simply authorizes a court to increase the sentence for a recidivist.  It does not define a

separate crime. Consequently, neither the statute nor the Constitution require the Government to

charge the factor that it mentions, an earlier conviction, in the indictment."  Id. at 227.  Accordingly,

the Supreme Court specifically held that it is constitutional for Congress to authorize longer

sentences for recidivism.  Id. at 246.

This Court is bound by the Almendarez-Torres and Booker decisions and the Supreme

Court's holding that the sentencing structure promulgated by 8 U.S.C. § 1326(b) is constitutional.

Accordingly, Petitioner's challenge to his  sentence under 8 U.S.C. § 1326(b) is denied.

### III.  Conclusion

For the reasons stated above, Petitioner's Petition to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255 is denied.  Petitioner's counsel was ineffective in not informing him

of the disposition of his re-sentencing in a timely manner, which prevented Petitioner from filing a

timely appeal.  As such, the Court will grant Petitioner leave to appeal the denial of his re-

sentencing.

Based on the foregoing discussion, it is hereby

**ORDERED**, that Petitioner's motion to vacate, set aside, or correct his sentence pursuant

to 28 U.S.C. § 2255 (Dkt. No. 1) is **DENIED** and **DISMISSED**; and it is further

**ORDERED**, that Petitioner is **GRANTED** leave to appeal the denial of his re-sentencing;

and it is further

      **ORDERED**, that the Clerk serve a copy of this Order on all parties.

      **IT IS SO ORDERED**.

DATED:      July 02, 2007
                 Albany, New York

                                 Lawrence E. Kahn
                                 U.S. District Judge